UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL, CDCR #H-73384,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>BITA AHBOOT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-01853-LAB-MDD<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

　　　TREMAYNE DEON CARROLL ("Plaintiff"), also known as Tremaine Carroll, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1993 (ECF No. 1).

1

Plaintiff claims two Los Angeles County District Attorneys, a Deputy Attorney General, and a Los Angeles County Superior Court Judge initiated a vindictive and selective prosecution against him, defamed his character, and caused him to be falsely imprisoned based on his race. (ECF No. 1 at 2-3.) He seeks injunctive relief preventing any "further selective/vindictive prosecution," and $3 million in general and punitive damages because he has "falsely be[en] labeled a sex offender." (*Id.* at 5.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.     Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to altogether preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful

1  suits may entirely be barred from IFP status under the three strikes rule[.]"). The
2  objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner
3  litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).
4  "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both
5  before and after the statute's effective date." *Id.* at 1311.

6  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner,
7  which were dismissed on the ground that they were frivolous, malicious, or failed to state
8  a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the
9  district court styles such dismissal as a denial of the prisoner's application to file the
10 action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153
11 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, __ F.3d __, 2016 WL 4254980 at *3 (9th
12 Cir. Aug. 12, 2016) (No. 13-56104) (noting that when court "review[s] a dismissal to
13 determine whether it counts as a strike, the style of the dismissal or the procedural
14 posture is immaterial. Instead, the central question is whether the dismissal 'rang the
15 PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v.
16 Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

17 Once a prisoner has accumulated three strikes, he is simply prohibited by section
18 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he
19 alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C.
20 § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP
21 complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger
22 of serious physical injury' at the time of filing.").

23 **II.    Application to Plaintiff**

24 As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has
25 ascertained that it does not contain any "plausible allegations" to suggest he "faced
26 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at
27 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff claims he has been falsely
28 imprisoned and labeled a sex offender as the result of a vindictive and/or selective

criminal prosecution commenced in Los Angeles County Superior Court at an unspecified time. (ECF No. 1 at 2-3.)

A court may take judicial notice of its own records, *see Molus v.* Swan, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"*Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Tremayne Deon Carroll, also known as Tremaine Carroll, and identified as CDCR Inmate #H-73384, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Carroll v. Virga, et al.*, Civil Case No. 2:12-cv-01327-KJN (E.D. Cal. March 29, 2013) (Order dismissing complaint pursuant to 28 U.S.C. § 1915A and FED. R. CIV. P. 8(a)(2) (ECF No. 20); (E.D. Cal. Nov. 21, 2013) (Order denying motion for reconsideration, finding Plaintiff's allegations "failed to state a claim to relief that is plausible on its face," and granting extension of time to amend) (ECF No. 24); and (E.D. Cal. Jan. 6, 2014) (Order dismissing action without prejudice based on Plaintiff's failure to amend) (ECF No. 25) (strike one);

2) *Carroll v. Brown, et al.,* Civil Case No. 2:12-cv-2584-TLN-DAD (E.D. Cal. Aug. 27, 2013) (Order and Findings and Recommendations ("F&R") to

///
///
///

dismiss civil action as duplicative of 2:12-cv-1327 KJN)[1] (ECF No. 14); (E.D. Cal. Sept. 26, 2013) (Order adopting F&R and dismissing action as duplicative) (ECF No. 15) (strike two); and

  3) *Carroll v. State of California, et al.*, Civil Case No. 3:15-cv-01722-LAB-WVG (S.D. Cal. Oct. 9, 2015) (Order granting IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) and § 1915A(b)) (ECF No. 4) (strike three).

  Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Improper Venue

  Finally, even if Plaintiff paid the full civil filing fee required by 28 U.S.C. § 1914(a), or was entitled to proceed IFP pursuant to 28 U.S.C. § 1915(a), an initial review of his Complaint reveals that he initiated this action in the wrong district. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

---

[1] The Ninth Circuit considers duplicative IFP actions "frivolous" pursuant to 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that a complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." (citations and internal citations omitted).

Section 1391(b) of Title 28 of the U.S. Code provides that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

While Plaintiff is currently incarcerated at RJD, which is within the Southern District of California, his Complaint seeks both injunctive relief and monetary damages based on allegedly unlawful Los Angeles County Superior Court criminal proceedings, and he has sued only LA County officials. *See* ECF No. 1 at 2-3. Thus, to the extent the substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Los Angeles County, and no Defendant is alleged to reside in either San Diego or Imperial County, venue would be proper in the Central District of California, Western Division pursuant to 28 U.S.C. § 84(c)(2), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

**IV.   Conclusion and Order**

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a);

///

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 13, 2016

_____
**HON. LARRY ALAN BURNS**
United States District Judge