UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL, CDCR #H-73384, | Case No.: 3:16-cv-01853-LAB-MDD |
| Plaintiff, | **ORDER OVERRULING OBJECTION AND DENYING MOTION FOR RECONSIDERATION [ECF No. 6]** |
| vs. | |
| BITA AHBOOT, et al., | **AND** |
| Defendants. | **RE-CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH PURSUANT TO 28 U.S.C. § 1915(a)(3)** |

## I.     Procedural History

TREMAYNE DEON CARROLL ("Plaintiff"), also known as Tremaine Carroll, and currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

In his Complaint, Plaintiff claimed two Los Angeles County prosecutors, a Deputy Attorney General, and a Los Angeles County Superior Court Judge initiated a vindictive and selective prosecution against him, defamed his character, and falsely imprisoned him

based on his race. (ECF No. 1 at 2-3.) He sought injunctive relief preventing any further wrongful prosecution, and $3 million in general and punitive damages because he has been "falsely … labeled a sex offender." (*Id.* at 5.)

On October 14, 2016, the Court denied Plaintiff leave to proceed in forma pauperis pursuant ("IFP") to 28 U.S.C. § 1915(g), finding he is "not entitled to the privilege" because he filed, while incarcerated, three prior civil actions which were dismissed as frivolous, malicious, or for failing to state a claim, and because his Complaint failed to include any plausible allegations to suggest he faced "imminent danger of serious physical injury" at the time he filed it. (ECF No. 5 at 3-5.) Because Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action, and because he *also* filed his Complaint in the improper venue, the Court dismissed this case, and certified that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*Id.* at 5-7.)

On November 2, 2016, Plaintiff filed a Notice of Appeal ("NOA") (ECF No. 7), followed immediately by a document entitled "Objection to Court's Ruling and Petition for Reconsideration" of the Court's October 14, 2016 Order (ECF No. 6). Plaintiff's NOA has been assigned USCA Case Number 16-56905 (ECF No. 8), and on December 28, 2016, the Ninth Circuit issued a Time Schedule Order (ECF No. 9).

## II.   Jurisdiction to Consider Motion for Reconsideration

"Once a notice of appeal is filed, the district court is [generally] divested of jurisdiction over the matters being appealed." *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, a district court may amend a judgment in certain situations pursuant to the Federal Rules of Appellate Procedure even when a notice of appeal has been filed. *See Gowadia v. Sorenson*, Civil No. 14-00288 SOM/BMK, 2014 WL 3956806, at *1 (D. Hawai'i Aug. 12, 2014) (FED. R. APP. P. 4(a)(4)(B)(i) "allows a district court to amend a judgment, even when a notice of appeal has been filed, in certain situations."); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 59 (1982) (per curiam) (noting the Federal Rules of Appellate Procedure give

"the district court . . . express authority to entertain a timely motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59, even after a notice of appeal ha[s] been filed."), *superseded by rule on other grounds as stated in, Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 444-45 (9th Cir. 1994); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (noting that "Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending.").

Specifically, the Federal Rules of Appellate Procedure provide:

> If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

FED. R. APP. P. 4(a)(4)(B)(i). Subsection (a)(4)(A) of that same rule identifies motions to alter or amend the judgment under Federal Rules of Civil Procedure 59 or 60 as such motions. *See* FED. R. APP. P. 4(a)(4)(iv), (vi).

While Plaintiff does not specify the basis for his request for reconsideration, the Court considers it as a motion to alter, or amend this Court's October 14, 2016 Judgment pursuant to FED. R. CIV. P. 59(e), because it was filed within 28 days of that judgment. *See Rishor v. Ferguson*, 482 F.3d 482, 490 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)); FED. R. APP. P. 4(a)(4)(A)(iv).

## III.    Plaintiff's Objection and Petition for Reconsideration

 "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th

3

Cir. 1988) (quoting *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd*., 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

Here, Plaintiff objects to the Court's October 14, 2016 Order and seeks its reconsideration based on claims that "not a single action [he] has filed has been frivolous." (ECF No. 6 at 1.) He does not point to newly discovered or previously unavailable evidence, nor does he identify any change in controlling law. *See Ybarra,* 656 F.3d at 998. Instead, Plaintiff appears to seek reconsideration on grounds that the Court committed "clear error" by failing to reach the merits of his claims, and that therefore, its decision was "manifestly unjust." *Id.* In support of his Motion, Plaintiff simply attaches a copy of a 2006 Report and Recommendation, issued in the Central District of California by U.S. Magistrate Judge Victor B. Kenton, to deny a Motion to Dismiss a habeas corpus petition he filed challenging his 1999 Los Angeles County Superior Court grand theft conviction pursuant to 28 U.S.C. § 2254 as time-barred. (ECF No. 6 at 5-21.) He does not, however, explain how or why he believes this Court erred when it denied him leave to proceed IFP, or determined his Complaint was filed in the improper venue in *this* case.

In its October 14, 2016 Order, the Court denied Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) because the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

After reviewing Plaintiff's Complaint as well as his litigation history, the Court took judicial notice of three "strikes" Plaintiff accumulated pursuant to 28 U.S.C. § 1915(g) prior to the filing of this action. *See* ECF No. 5 at 4-5.[1] Moreover, the Court found Plaintiff's pleading contained no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Id.* (citing *Cervantes*, 493 F.3d at 1055). Therefore, the Court found Plaintiff ineligible to proceed IFP pursuant to U.S.C. § 1915(g), and dismissed his case for failing to prepay the civil filing fees required by 28 U.S.C. § 1914(a) (ECF No. 5).

Plaintiff does not explain why he believes the Court's October 14, 2016 Order or its judgment of dismissal in this case constituted clear error, or how it was manifestly unjust. Specifically, he offers no argument or evidence to suggest the judicial record of his federal filing history is in anyway flawed or unreliable. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005) (court "may take judicial notice of

---

[1] Plaintiff's three prior "strikes" are: 1) *Carroll v. Virga, et al.*, Civil Case No. 2:12-cv-01327-KJN (E.D. Cal. March 29, 2013) (Order dismissing complaint pursuant to 28 U.S.C. § 1915A and FED. R. CIV. P. 8(a)(2) (ECF No. 20); (E.D. Cal. Nov. 21, 2013) (Order denying motion for reconsideration, finding Plaintiff's allegations "failed to state a claim to relief that is plausible on its face," and granting extension of time to amend) (ECF No. 24); and (E.D. Cal. Jan. 6, 2014) (Order dismissing action without prejudice based on Plaintiff's failure to amend) (ECF No. 25) (strike one); 2) *Carroll v. Brown, et al.*, Civil Case No. 2:12-cv-2584-TLN-DAD (E.D. Cal. Aug. 27, 2013) (Order and Findings and Recommendations ("F&R") to dismiss civil action as duplicative of 2:12-cv-1327 KJN) (ECF No. 14); (E.D. Cal. Sept. 26, 2013) (Order adopting F&R and dismissing action as duplicative) (ECF No. 15) (strike two); and 3) *Carroll v. State of California, et al.*, Civil Case No. 3:15-cv-01722-LAB-WVG (S.D. Cal. Oct. 9, 2015) (Order granting IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(2) and § 1915A(b)) (ECF No. 4) (strike three).

court filings and other matters of public record."). Nor does he claim to have faced "imminent danger of serious physical injury" at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055.

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Because Plaintiff has failed to offer any valid basis upon which the Court might find its October 14, 2016 Order and judgment of dismissal was erroneous or manifestly unjust, reconsideration under Fed. R. Civ. P. 59(e) is not warranted.

## IV.    Conclusion and Order

Based on the foregoing, the Court:

1)    **OVERRULES** Plaintiff's Objection, **DENIES** his Petition for Reconsideration (ECF No. 6);

2)    **RE-CERTIFIES** that an IFP appeal from either the October 14, 2016 Judgment, or this Order, would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438,

445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

        3)        **DIRECTS** the Clerk of Court to promptly notify the Ninth Circuit Court of Appeals of the determinations made by this Order in reference to Plaintiff's NOA (ECF No. 7) in USCA Case No. 16-56905.

        The file in this Court shall remain closed.

        **IT IS SO ORDERED**.

Dated: January 11, 2017

                                       HON. LARRY ALAN BURNS
                                       United States District Judge